**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TYRONE WILLIAMS,**

 *Plaintiff,*

 v.

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,**

 *Defendant.*

Case No: 8:26-cv-930

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Tyrone Williams, ("Mr. Williams"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("Experian"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Williams against the Defendant for violations of the *Fair Credit Reporting Act,* 15 U.S.C. §1681, et seq. ("**FCRA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by

Experian within Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Williams

5.     Mr. Williams is a natural person residing in Wimauma, Hillsborough County, Florida.

6.     Mr. Williams is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

### Experian

7.     Experian is an Ohio corporation, with a principal business address of 475 Anton Blvd., Costa Mesa CA 92626.

8.     Experian is registered to conduct business in the State of Florida where its registered agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.     Experian is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Experian Knowingly Reports False Account Balance

10.     On or around January 29, 2020, Mr. Williams opened a credit card account with Credit One Bank ("Credit One").

11.     Credit One thereafter reported account information to Experian and other nationwide CRAs, including Trans Union and Equifax.

12.     Credit One reported the account with an account number starting with 3737.

13.     By August 2024, Credit One claimed that Mr. Williams owed a past due amount of $1,348.00 (the "Debt") and reported to Experian the account status was "charged off."

14.     In or around September 2024, Credit One sold the Debt to a third-party debt purchase, LVNV Funding, or one of its related entities.

15.     As the result of the sale and assignment, Credit One no longer owned the account or had any title to it and thus had no ability to collect a balance from Mr. Williams.

16.     As such, around September 2024, Credit One instructed the CRAs it had reported account information to delete its tradeline concerning the Debt.

17.     Equifax and Trans Union, the other two major nationwide CRAs, deleted Credit One's tradeline, as instructed.

18.     Experian, however, did not delete Credit One's tradeline, despite being instructed to do so.

19. As such, as of February 2026, Experian continued to include the Credit One tradeline in its credit file on Mr. Williams and in its reports sold on Mr. Williams, reporting the account as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| CREDIT ONE BANK | 37378301126.... | $1,348 as of 08/12/2024 | 01/29/2020 | Account charged off. $1,348 written off. $1,348 past due as of Aug 2024. |

| PO BOX 98875 LAS VEGAS, NV 89193 8778253242 Address identification number 0828570747 | Type Credit card | Credit limit or original amount $700 | Date of status 08/2024 | |
| | Terms Not reported | High balance $1348 | Responsibility Individual | |
| | On record until Nov 2030 | Monthly payment Not reported | | |

20. Experian included the account in reports it sold about Mr. Williams, despite the information being last reported August 12, 2024.

21. Experian requires its furnishers of data to adhere to Metro 2® standards.

22. Metro 2® requires any non-zero credit card balance be updated at least once a month to maintain accuracy.

23. When the Credit One sold the Account and ceased monthly updates, the tradeline became static and inherently unreliable. Experian's failure to reconcile this static data with the subsequent settlement of the debt by a third party constitutes a systemic procedural flaw.

24. Mr. Williams later settled the Credit One balance with LVNV.

25. Mr. Williams thereafter owed no balance on the account, regardless of who owned it or had the right to collect.

26.    Thus, despite owing no balance to Credit One, or its successor-in-interest, Experian continued to report outdated, stale information in Mr. Williams' credit file and in reports concerning him.

27.    Mr. Williams' credit file is hardly unique. Experian has been sued multiple times by other consumers concerning this exact same issue: Experian, despite being instructed by Credit One to delete old tradelines due to their sale and transfer, continued to report old balances, sometimes for years, often creating "duplicated" accounts, where both Credit One and the successor were reported by Experian as owed balances on the same underlying account.

28.    On or about February 11, 2026, Mr. Williams applied for a mortgage with Rocket Mortgage.

29.    Rocket Mortgage, to review Mr. Williams' application, obtained a consumer report regarding Mr. Williams from Experian.

30.    On information and belief, the report sold by Experian included the Capital One account, reporting with a past-due balance.

31.    Experian's reporting was thus false, as the account had been sold and paid by the time of Mr. Williams' application.

32.    Due at least in part to Experian's false reporting, Mr. Williams' mortgage application was denied.

33.    Experian has included the false, defamatory Credit One tradeline in a significant number of additional reports sold about Mr. Williams, including reports

sold for use by First Premier Bank, Mission Lane, TD Retail Card Services, Carvana, and Capital One Auto Finance.

34. Due at least in part to Experian's false reporting, Mr. Williams was outright denied, or received credit at terms which had been negatively affected by Experian's reporting.

35. In each instance, Experian failed to use reasonable procedures to ensure maximum possible accuracy of the reports it sold since it included stale, false, and outdated tradeline data which is in violation of the very Metro 2 standards Experian claims to enforce.

36. Experian's conduct has also caused Mr. Williams severe emotional distress, embarrassment, and damage to his reputation.

37. Mr. Williams has spent significant time and money to force the Defendant to comply with its statutory obligations and to engage attorneys.

38. Mr. Williams has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

**COUNT I**
**EXPERIAN'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681e(b)**

39. Mr. Williams adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

40. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold

regarding Mr. Williams when it sold reports which contained the Credit One tradeline that reported a charge off and a severe negative payment history, when the tradeline should have been deleted per Credit One's instruction, and/or because the failure of Credit One to update it monthly violated Experian's own standards.

41. Experian has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed, particularly pertaining to the prevention of reporting of stale negative tradelines and the failure to follow Metro® monthly reporting standards for a non-$0 balance.

42. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

43. Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Williams' actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Williams respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Mr. Williams' actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

### Pled in the Alternative to Count I

44.     Mr. Williams adopts and incorporates paragraphs 1 – 38 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

45.     Experian owed Mr. Williams a legal duty to utilize procedures to assure the maximum possible accuracy of his consumer reports.

46.     Experian breached this duty when it sold consumer reports containing both the stale Credit One tradeline with a severe negative balance, thus misrepresenting that Mr. Williams' debt was charged off instead of deleting the tradeline as requested by Credit One.

47.     Experian's failure to use reasonable procedures to assure the maximum possible accuracy of Mr. Williams' consumer reports violates 15 U.S.C. § 1681e(b).

48.     As a result, Mr. Williams is entitled, pursuant to 15 U.S.C. § 1681o, for his actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Williams respectfully requests this Honorable Court enter judgment against Experian for:

a.     Mr. Williams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Mr. Williams demands a jury trial on all issues so triable.

Respectfully submitted on April 1, 2026, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan Geiger*
Bryan Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
Service@seraphlegal.com
3505 East Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230
*Attorneys for Plaintiff*